IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD HAMILTON MCKAY, JR.,

    Petitioner,                     No. CIV S-05-2525 LKK EFB P

    vs.

ROSANNE CAMPBELL, et al.,

    Respondents.               FINDINGS AND RECOMMENDATIONS

_____/

    Petitioner is a state prisoner proceeding *in propria persona* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges the decision of the California Board of Parole Hearings (hereinafter "Board") to deny him parole at his subsequent parole consideration hearing held on February 4, 2004. He claims that the Board's failure to find him suitable for parole violated his right to due process.

    As discussed below, the United States Supreme Court has held that the only inquiry on federal habeas review of a denial of parole is whether the petitioner has received "fair procedures" for vindication of the liberty interest in parole given by the state. *Swarthout v. Cooke*, 562 U.S. ___, No. 10-333, 2011 WL 197627, at *2 (Jan. 24, 2011) (per curiam). In the context of a California parole suitability hearing, a petitioner receives adequate process when he/she is allowed an opportunity to be heard and a statement of the reasons why parole was

1

denied. *Id.* at \*\*2-3 (federal due process satisfied where petitioners were "allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied"); *see also Greenholtz v. Inmates of Neb. Penal*, 442 U.S. 1, 16 (1979). For the reasons that follow, applying this standard here requires that the petition for writ of habeas corpus be denied on petitioner's claim that the Board's failure to find him suitable for parole violated his right to due process because there was no evidence he posed a current danger to society.

**I. Procedural Background**

In 1976, petitioner was convicted of first degree murder, first degree robbery, and assault. Pet. at 1.[1] On February 10, 1977, he was sentenced to seven years to life in state prison. Answer, Ex. 1. On February 4, 2004, the Board held a parole consideration hearing and found petitioner not suitable for parole. *Id.* at 71.

Petitioner challenged the Board's decision in a petition for writ of habeas corpus filed in the California Superior Court on May 27, 2005. Answer, Ex. 6. That petition was denied in a reasoned decision on the merits. *Id.*, Ex. 7. On July 25, 2005, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal. *Id.*, Ex. 8. That petition was summarily denied by order dated July 29, 2005. *Id.*, Ex. 9. Petitioner filed a petition for review in the California Supreme Court on August 29, 2005. *Id.*, Ex. 10. That petition was summarily denied by order dated October 19, 2005. *Id.*, Ex. 11.

Petitioner filed the instant petition for a writ of habeas corpus on December 13, 2005. Respondent filed an answer on December 1, 2006, and petitioner filed a traverse on December 27, 2006.

////

////

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

**II. Timeliness of Petition**

Respondent argues that the claims contained in the instant petition are barred by the statute of limitations set forth in 28 U.S.C. § 2244(d). Answer at 7-8. He asserts that petitioner did not begin his state court challenges to the Board's 2004 suitability decision until after the one year limitations period had expired. *Id.*[2]

This action was filed after April 26, 1996, and the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are applicable. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003). The AEDPA imposed a one-year statute of limitations on the filing of federal habeas petitions. Title 28 U.S.C. § 2244 provides as follows:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the

---

[2] Respondent filed a motion to dismiss in this case, arguing that petitioner had no federally protected liberty interest in parole. Dckt. No. 6. He did not raise his argument based on the statute of limitations in that motion.

3

> pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The Ninth Circuit has determined that the one-year period of limitation set forth in 28 U.S.C. § 2244 "applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' even if the petition challenges an administrative decision rather than a state court judgment." *Shelby v. Bartlett*, 391 F.3d 1061, 1062 (9th Cir. 2004) (citation omitted). The statute of limitations for habeas petitions challenging parole suitability hearings is based on § 2244(d)(1)(D): the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence. *Redd v. McGrath*, 343 F.3d 1077, 1081-82 (9th Cir. 2003). Prior to December 1, 2004, the Board employed an administrative appeals process which allowed for appeal of unfavorable parole suitability decisions. Answer at 8 n.3. While the administrative appeals process was in effect, the AEDPA limitations period for habeas petitions challenging parole suitability hearings began to run on the date of the Board's denial of a petitioner's administrative appeal. *Redd*, 343 F.3d at 1082. However, the Board terminated the inmate appeals process effective May 1, 2004. *See, e.g., Jacobson v. Schwarzenegger*, 357 F. Supp.2d 1198, 1208 (C.D. Cal. 2004); *Stratton v. Marshall,* No. C 07-0431 CW, 2009 WL 1759694, *4 (E.D. Cal. June 22, 2009) (citing Cal. Code Reg. tit. 15, § 2050).

In this case, the Board's February 4, 2004 decision that petitioner was unsuitable for parole became final on May 4, 2004. Answer, Ex. 4 at 71. Respondent argues that because the inmate appeals process was terminated before May 4, 2004, the triggering event for the limitations period in this case was May 5, 2004, the day after petitioner's parole decision became final. Respondent is correct that where the Board's suitability decision was rendered after the administrative appeals process was repealed, or where the inmate did not file an administrative appeal of the Board's decision, the factual predicate of a petitioner's claims is "discovered" when the Board's decision denying parole becomes final. *See, e.g., Wilson v. Sisto*, No. Civ. S-07-0733 MCE EFB P, 2008 WL 4218487, at *2 (E.D. Cal. Sept. 5, 2008) ("Courts ordinarily

deem the factual predicate to have been discovered the day the decision becomes final, i.e., 120 days after the Board finds a petitioner not suitable for parole") (citing *Nelson v. Clark*, No. 1:08-cv-00114 OWW SMS HC, 2008 WL 2509509, at *4 (E.D. Cal. June 23, 2009)). *Contra McGuire v. Mendoza-Powers*, No. 1:07-CV-00086 OWW GSA HC, 2008 WL 1704089, at *10 (E.D. Cal. April 10, 2008) (deeming factual predicate to have been discovered on the date of the Board decision).

Petitioner represents, however, that he received a memorandum from the Board informing him the administrative appeals process had been repealed effective May 1, 2004, but that all claims "arising prior to May 1, 2004" could still be presented to the Board and would be resolved by October, 2004. Traverse at 5. Petitioner states that he "attempted to comply with . . . the presentation of claims to the Board for all claims arising prior to May 1, 2004." *Id.* Petitioner argues that, under these circumstances, the limitations period in this case did not begin to run until October 31, 2004, the last date on which such pending or late-filed appeals would be decided by the Board. *Id.*

Petitioner was found unsuitable for parole at his February 4, 2004 suitability hearing. Under the regulations in existence at that time, petitioner had 90 days, or until May 4, 2004, to appeal the decision denying him parole. *Webb v. Walker*, No. 2:05-cv-00291-JKS-GGH, 2008 WL 4224619, at *4 (E.D. Cal. Sept. 15, 2008); Cal. Code Regs. tit. 15, § 2052(c). It is not clear from the record before the court whether petitioner actually filed an administrative appeal of the Board's unfavorable suitability decision. Petitioner informs the court that he "attempted to comply with . . . the presentation of claims to the Board for all claims arising prior to May 1, 2004." Traverse at 5. On the other hand, in petitioner's application for a writ of habeas corpus filed in the California Superior Court, when asked to explain "what administrative review you sought or explain why you did not seek such review," petitioner responded that the administrative appeal process had been abolished effective May 1, 2004 and, therefore, "this [sic] is no administrative appeal process available to petitioner in this matter." Answer, Ex. 6 at

5

86. This implies that petitioner did not actually file an administrative appeal of the Board's decision in his case.

Petitioner's first state-court challenge to the Board's unfavorable suitability decision was his petition for writ of habeas corpus filed in the California Superior Court on May 27, 2005. Assuming that the statute of limitations began to run on May 5, 2004, the day after the Board's decision became final, petitioner's claims are untimely because the AEDPA limitations period expired before petitioner started the state court review process.  However, if, as petitioner implies, he filed an administrative appeal pursuant to the rules in effect at the time of the Board's February 4, 2004 decision and did not receive a decision until sometime in October, under the authorities cited above his claims are timely filed.

Neither party has cited, and this court has not found, a Ninth Circuit decision which addresses the issue of timeliness in a case with facts similar to the instant petition.  However, under the unusual circumstances of this case, and in an abundance of caution, the court will assume that petitioner's claims are timely filed and will address those claims on the merits.

**III. Petitioner's Due Process Claims**

**A. Board's Failure to Find Petitioner Suitable for Parole**

Petitioner claims that the Board violated his right to due process when it found him unsuitable for parole in 2004 based solely on the unchanging factors of his commitment offense and prior criminal history. Pet. at 4.  He argues that because there is no evidence he is a current danger to society, he should have received a parole date. *Id.*

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law.  A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. *Kentucky Dep't of Corrections v. Thompson,* 490 U.S. 454, 459-60 (1989).

6

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (citations omitted). *See also Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. *Jago v. Van Curen*, 454 U.S. 14, 17-21 (1981); *Greenholtz v. Inmates of Neb. Penal*, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); *see also Hayward v. Marshall*, 603 F.3d 546, 561 (9th Cir. 2010) (en banc). However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest." *Greenholtz*, 442 U.S. at 12). *See also Allen*, 482 U.S. at 376-78.

California's parole scheme[3] gives rise to a liberty interest in parole protected by the federal due process clause. *McQuillion v. Duncan*, 306 F.3d 895, 902-03 (9th Cir. 2002) ("California's parole scheme gives rise to a cognizable liberty interest in release on parole."); *see Swarthout v. Cooke*, No. 10-333, 562 U.S. ___, 2011 U.S. LEXIS 1067, *5-6 (Jan. 24, 2011) (per curiam) (stating that the Ninth Circuit's determination that California's parole law creates a liberty interest protected by the federal due process clause "is a reasonable application of our cases."). However, the United States Supreme Court has held that correct application of California's "some evidence" standard is not required by the federal Due Process Clause. *Swarthout*, 2011 WL 197627, at *2. Rather, this court's review is limited to the narrow question of whether the petitioner has received adequate process for seeking parole. *Id.* at *3. ("Because

---

[3] In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness. *In re Lawrence*, 44 Cal.4th 1181, 1205-06, 1210 (2008); *In re Rosenkrantz*, 29 Cal.4th 616, 651-53 (2002).

7

the only federal right at issue is procedural, the relevant inquiry is what process [petitioner] received, not whether the state court decided the case correctly.") Adequate process is provided when the inmate is allowed a meaningful opportunity to be heard and a statement of the reasons why parole was denied. *Id.* at \*\*2-3 (federal due process satisfied where petitioners were "allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied"); *see also Greenholtz*, 442 U.S. at 16.

Here, the record reflects that petitioner was present at the 2004 parole hearing, that he participated in the hearing, and that he was provided with the reasons for the Board's decision to deny parole. Pursuant to *Swarthout*, this is all that due process requires. Accordingly, petitioner is not entitled to relief on his due process claim.

### B. Reliance on Improper Parole Standards

Petitioner was convicted of first-degree murder and sentenced to life imprisonment under California's Indeterminate Sentencing Law (ISL) in 1976. In 1977, California repealed the ISL and enacted the current Determinate Sentencing Law (DSL). Petitioner has been considered for parole under DSL guidelines since that time and has been found unsuitable for release. Petitioner claims that the Board violated his right to due process when it found him unsuitable for parole based on the DSL guidelines and not on the ISL guidelines. He explains:

> At the time of petitioner's offense and subsequent conviction, ISL, which emphasized rehabilitation, was still in effect. Subsequently, the DSL, which emphasized punishment, was enacted. As evidenced by the extensive record in this case, the BPT doesn't give great weight to rehabilitative efforts in the parole consideration process and the basis of nearly all parole decisions is the severity of the commitment offense/punishment, while clearly disregarding any probative value of such reliance after 20, 25 or 30 years. The different consideration criteria (ISL v. DSL) was recently affirmed in In re Dannenberg (2005) 34 Cal.4th 1061.

Pet. at 5.

////

The California Superior Court rejected this claim, reasoning as follows:

> On habeas corpus, petitioner contends that the California Board of Prison Terms impermissibly continues to violate his right to due process by refusing to fix both minimum and maximum terms of imprisonment for life prisoners, like himself, sentenced under the former indeterminate sentencing law.
>
> Petitioner does not meet his burden of demonstrating a prima facie case for relief on habeas corpus. An indeterminate sentence is in legal effect a sentence for the maximum term, that is, for life. (*People v. Dyer* (1969) 269 Cal.App.2d 209, 214.) A defendant under an indeterminate sentence does not have a vested right to have his sentence fixed at a term less than the maximum sentence provided by statute. (*In re Lynch* (1972) 8 Cal.3d 410, 417.)
>
> An inmate serving an indeterminate life term in state prison is not entitled to release on parole until he is found suitable for such release by the Board of Prison Terms. (Pen. Code 3041(b); Title 15 Cal. Code of Reg. § 2281(d).) Regulations in effect both before and after enactment of the Determinate Sentencing Law require that a life prisoner first be found suitable for parole before a parole date is set. (*In re Stanworth* (1982) 33 Cal.3d 176, 183.)
>
> No prima facie case for relief is established. An order to show cause will issue only if petitioner has established a prima facie case for relief on habeas corpus. (*People v. Romero* (1994) 8 Cal.4th 728, 737; *in re Clark* (1993) 5 Cal.4th 750, 769, fn. 9.)
>
> The petition for writ of habeas corpus is DENIED.

Answer, Ex. 7.

In the traverse, petitioner concedes that this claim is "predicated on state law leaving no basis for federal review." Traverse at 13. This court also notes that the Ninth Circuit denied a similar claim in *Connor v. Estelle*, 981 F.2d 1032, 1034-35 (9th Cir. 1992). There, the court explained that because "the ISL and DSL guidelines apply identical criteria in determining parole suitability," application of the DSL guidelines to a prisoner who was sentenced when the ISL was still in effect does not violate the due process clause. *Id.*

In addition, as explained by the Superior Court, under state law a life prisoner must first be found suitable for parole before a parole date is set. *See In re Stanworth*, 33 Cal.3d 176, 183 (1982). The ISL and DSL both require that the prisoner be found suitable for parole before a

9

parole date can be set. *Id.* Petitioner was not found suitable for parole by the Board. Answer, Ex. 2. Therefore, no parole date would have been set under either the ISL or the DSL.

## IV. Conclusion

Accordingly, for the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant); *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of appealability to review the denial of a habeas petition challenging an administrative decision such as the denial of parole by the parole board).

DATED: April 7, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE